LILLIE D. JAMESON v. CINCINNATI (CITY).

WORKHOUSE MATRON IS MERE EMPLOYEE AND MAY BE SUMMARILY REMOVED.
    One employed as an assistant matron of a workhouse is not an officer but a mere employee, although under contract for one year, and on sufficient proof of misconduct or neglect may be summarily removed by the board in control, and such action on its part will be conclusive as to her rights in the absence of specific allegations of abuse of discretion or corruption.

ERROR to Hamilton common pleas court.

Renner & Renner, for plaintiff.

C. J. Hunt, city solicitor, for defendant.

JELKE, J.

This case comes into this court on a proceeding in error to the judgment of the court of common pleas sustaining a general demurrer to plaintiff's petition, on the ground that the same did not state facts sufficient in law to constitute a cause of action.

For the purposes of this case, we will assume the constitutionality of the board of police commissioners as created and empowered under Sec. 2096a, 2098 and 2049 Rev. Stat. (repealed 96 O. L. 96), although these sections have been declared unconstitutional by the Supreme Court, have been repealed by the legislature, and superseded by the new municipal code. Section 2096a Rev. Stat. provides:

"[Board of workhouse directors abolished; where, etc.] In cities of the first grade of the first class the powers and duties of the board of workhouse directors shall be exercised and performed by the board

of police commissioners of such cities and the board of workhouse directors of such cities is hereby abolished, and said board of police commissioners shall be taken and held to be the successor thereof. The members of said board of police commissioners shall each receive, in addition to the compensation already fixed by law, the sum of five hundred ($500) dollars per annum, for the additional services hereby required.''

Section 2098 Rev. Stat. provides:

''The board shall have the same powers, perform the same duties, and be governed by the same regulations, so far as applicable, in the maintenance, erection, or enlargement of any buildings or shops for workhouse purposes, or in making any addition thereto, or in the improvement or management of the grounds therewith connected, and in the management of the affairs thereof, and care of the convicts therein, as are conferred upon, and required of, the board of directors of houses of refuge and correction, as provided in subdivision one of this chapter; and the powers and duties of the council in respect to such board shall be the same, so far as applicable, as are provided in said subdivision.''

Section 2049 Rev. Stat. reads:

'' [Removal of Officers.] The board may, for misconduct or willful neglect of duty, and upon sufficient proof thereof, remove any officer or employe of the institution, except the superintendent thereof, who shall be removed for the causes and in the manner provided for the removal of city officers; and any employe of the superintendent may be discharged at his discretion; but no officer shall be removed by the board until he has had an opportunity to be heard in his defense.''

Plaintiff's petition alleges that,

''On or about the first day of May, 1902, she was duly appointed by the board of police commissioners of the city of Cincinnati, acting as a board of directors of the city workhouse of said city as an officer, to wit, assistant matron of said city workhouse, for the period of one year from said first day of May, A. D. 1902, at a salary of fifty dollars per month, payable semiannually, and that she has been paid for her said services to the twentieth day of June, A. D. 1902. Plaintiff further states that on said June 20, 1902, the said board of police commissioners by a pretended proceeding on its part removed plaintiff from her position as assistant matron of said city workhouse, but that said removal is illegal and void for the following reasons:

''1. Plaintiff was not given an opportunity to be heard in her defense.

Jameson v. Cincinnati.

"2. There were no charges against plaintiff and she had no notice of any charges against her.

"3. There were no charges, sufficient in their nature, if established, to justify her removal.

"4. Plaintiff was denied the right to be represented by counsel.

"5. Plaintiff was denied the right to meet her accusers and the witnesses face to face, and she was denied the right to cross-examine them.

"6. Plaintiff was denied the right to call witnesses in her own defense."

Section 2049 Rev. Stat., manifestly provides a different treatment and procedure in the removal of officers and employes, and the question arises whether or not plaintiff below was an officer or an employee. To call her an officer, as done in the petition, is a conclusion of law. She actually was an assistant matron, and in determining whether or not an assistant matron was an officer, all we have to look to is the petition and the law. We are of the opinion that an assistant matron was an employee, and not an officer. Being an employee, the board could for misconduct or neglect of duty, on sufficient proof thereof, remove her. Whether or not prior to such removal she is to be accorded a formal hearing, is determined by the last sentence of Sec. 2049 Rev. Stat., which provides that, "No officer shall be removed by the board until he has had an opportunity to be heard in his defense." The expression as to an officer excludes an employe from such provision. If then the board has removed an employee, we are bound to assume that it was for misconduct or wilful neglect of duty, and upon proof thereof sufficient in the judgment and discretion of such board. If the plaintiff below were an employee, she was not entitled as a matter of right under the provision of the law to be heard in her defense, neither was it necessary that formal charges be preferred against her and that she receive a formal notice thereof. The sufficiency of the charges and the proof is addressed to the judgment and discretion of the board, and in the absence of specific allegations of abuse of discretion or corruption, their determination of the matter is conclusive.

Plaintiff below, as a matter of law, did not have the right to be represented by counsel, or to meet her accusers, if any, face to face, and to cross-examine them. Neither was the board bound to accord her the privilege of calling witnesses in her defense. It is true the petition alleges she was employed for one year; but her contract of em-

ployment was subject to, and must have read into it, the provision of the law, viz., Sec. 2049 Rev. Stat.

We think the court below did right in sustaining the demurrer and the judgment herein will be affirmed.

**Swing** and **Giffen, JJ.**, concur.